RECEIVED

DEC 29 2011

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C.T., by next friend Jeanette Beason and all others similarly situated<br>Plaintiffs,<br><br>vs.<br><br>Robert Bentley, M.D. in his official capacity as Governor of the State of Alabama; the Administrative Office of Courts; Callie T. Dietz, in her official capacity as Administrative Director of the Administrative Office of Courts; the Alabama Office of Indigent Defense Services; Alabama Department of Finance; Marquita F. Davis, in her official capacity as Director of the Alabama Department of Finance; the Alabama Office of the State Comptroller; and Thomas L. White in his official capacity as State Comptroller<br>Defendants. | Case No: 2:11-CV-1123<br><br>CLASS ACTION |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1) The named Plaintiff and all others similarly situated are dependent children[1]

    who bring this Complaint against the Governor of Alabama and other state

    officials, agencies and entities responsible for the juvenile justice system in the

---

[1] The terms "dependent child" and "dependent children" are used herein as defined by *Ala. Code 1975 §12-15-102*

1

state of Alabama. Defendants do not meet their legal obligations to dependent children in the state of Alabama by failing to provide to them adequate legal representation, specifically Guardians ad Litem (hereinafter referred to as "GALs"). This lack of legal representation dooms these children to physical, emotional and psychological harm, lost childhoods, and too often, ruined lives.

## II. FACTUAL ALLEGATIONS REGARDING PLAINTIFF

2) C. T. was taken into state custody by the Jefferson County Alabama Department of Human Resources at the age of eight (8) months old. Her biological mother was unfit to care for her. Since being taken in to custody, C.T. has been moved to different placements on four (4) separate occasions. She is now three (3) years old and is placed with Jeanette Beason in St. Clair County, Alabama. Ms. Beason (hereinafter referred to as "Plaintiff") is C.T.'s foster mother.

3) Even though a GAL has been assigned to C.T.'s case, the GAL has not fulfilled his/her duties as a GAL. In fact, Plaintiff only recalls seeing the GAL on one occasion. Over the period of years that C.T. has been in state custody, the GAL has not been involved with C.T.'s placement, has not conducted a thorough investigation, and has not advocated for C.T.'s best interests as required by Alabama statute.

4) As a result, C.T. has suffered a lack of legal representation in violation of her civil rights.

5) GALs serve as a voice for the dependent children they represent, and in this case, as in most, the GAL has failed in his/her duties, causing irreparable harm.

### III. FACTUAL ALLEGATIONS REGARDING PLAINTIFF AND CLASS MEMBERS

6) In 2011, Alabama Act 2011-678 (hereinafter referred to as "The Act") was promulgated to revise existing procedures and implement new procedures regarding the legal defense of indigent individuals in the state of Alabama, including children. As part of The Act, the Alabama Office of Indigent Services was created to operate as a division of the Alabama Department of Finance.

7) The Act also creates the position of Director of Indigent Defense Services. The Director is tasked with, among other things:

> "Providing fiscal responsibility and accountability in indigent defense preparation; maintaining and operating indigent defense systems, whether appointed counsel, contract counsel, public defender, or appellate defender offices, some combination of the above, or any other method which meets the goals set forth in this Act; …..and caseload management for appointed counsel, contract counsel, and public defenders."

8) The Act also provides for the establishment of local indigent defense advisory boards. These boards are to:

> "determine the method for delivering indigent defense services in the trial courts of each county or circuit in the state of Alabama….The methods established for delivering indigent defense services may include, but are

    not limited to, appointed counsel systems, contract counsel systems, and part-time or full-time public defender systems."

As such, these local indigent defense advisory boards must also determine the method by which GALs are assigned to dependent children. Previously, each Alabama county had its own method by which these GALs were chosen. For example, in some counties, individual attorneys or legal entities entered into a contract with the state to provide these GAL services. In other counties, the GALs were local attorneys freely appointed by local judges to provide these services, and ultimately compensated for their time by the state. Plaintiff believes that many counties are still transitioning to a system whereby the local indigent defense advisory board solely determines the method by which the GALs are chosen.

9) GALs provide a vital and indispensable service to dependent children. Their purpose is to represent the best interests of the child in situations where a child has been removed from his/her usual home, and placed in the custody of the Alabama Department of Human Resources, by way of its local agent, i.e. County Department of Human Resources.

10) The time that children remain in state custody various widely. Foster care is intended to be a temporary measure to provide care, protection, treatment and services to dependent children who are removed from their biological families, primarily due to abuse or neglect. Children may be placed in dependent family homes, group residential homes, dependent care institutions, etc. This is while they await reunification with their biological families, adoption, or transfer to

other permanent homes. In some cases, the children merely wait to obtain the age of majority. GALs play a vital role as an advocate for the dependent child, ensuring that their placement is a safe and secure environment.

11) GALs in Alabama are responsible for a dangerously large number of children. Many counties in Alabama only have a few GALs who are consistently expected to handle hundreds, and possibly more than one thousand, cases each. Because of these excessive caseloads, it is impossible to adequately monitor the safety and care of the children assigned to them. Upon information and belief, the children in some counties regularly go six months or more without a visit from GAL assigned to them.

12) In many situations, the GAL is the only advocate a dependent child has. Dependent children are often placed in unsafe or inappropriate dependent homes and residential facilities. There are far too many incidents of maltreatment, neglect, and abuse of these children. These children are regularly shuffled from one inappropriate placement to another, which prevents them from building an attachment to any family and deprives them of any sense of security or trust for the adults in their lives. The failure of the GALs to adequately represent these children only exacerbates this problem.

13) Dependent children routinely languish in state custody for years because the GALs assigned to them cannot properly represent them. This is a direct result of the actions of the Defendants. Because Defendants do not limit the caseloads of GALs or provide proper funding for GAL compensation, dependent children do not receive the representation to which they are entitled by law. If these

dependent children were properly represented, their cases would proceed in a more expeditious manner, resulting in a prompt return to a safe family home or an adequate permanent placement.

14) For years, Defendants have been fully aware of pervasive, systemic problems in the state of Alabama with regard to the effects of inadequate legal representation of dependent children. However, they have failed to take action to ensure that these children are cared for and protected as required. These children continue to be harmed by the very system that is supposed to protect them.

15) Defendants' continuing failure to provide dependent children with the necessary legal services violates the Constitutions of Alabama and the United States, as well as state and federal statutory law and common law. This suit seeks declaratory and injunctive relief to stop Defendants' on-going violations of the law and to ensure that Defendants provide proper legal services to children in their custody as required by law.

16) Because different Alabama counties have different methods of determining the number of GALs that will be made available to dependent children and how these attorneys will be chosen, there is inconsistent representation throughout the state. Some Alabama counties have a contract system whereby an arbitrary and limited number of GALs are made available to all dependent children in the county. In other counties, GALs are appointed by local judges to represent dependent children. Some counties even use a hybrid of these two systems. The result is that a child in one Alabama county may be assigned to a GAL with a caseload of one hundred (100) while a child in another Alabama county may be assigned a

GAL with a caseload of one thousand (1000). There is no doubt that the quality of the legal services that these children would receive would vary tremendously, regardless of the caliber of the attorney providing those services. The quality of legal services provided to a dependent child should not depend on the dependent child's geographical location.

17) The American Bar Association, the United States Department of Health and Human Services, and the National Association of Counsel for Children (NACC) have each established standards of practice for lawyers who represent children in abuse and neglect cases. The NACC specifically recommends that no child advocate attorney should maintain a caseload of over one-hundred (100) individual child clients at a time. This recommendation is certainly not being followed in the state of Alabama.

18) Defendants have failed to provide funding that would allow for a sufficient number of GALs to provide representation to dependent children. The current funding is wholly inadequate to financially provide for the number of attorneys actually needed to effectively represent Plaintiff and members of the Class. This funding is determined by the state in an arbitrary and capricious manner, with little attention given to the needs of the individual counties or judicial circuits.

19) As a result of the unreasonably large caseloads of the GALs assigned to represent Plaintiff and members of the Class, these attorneys are routinely unable to consult with their clients prior to court appearances and are unable to provide effective and adequate counsel, much less zealous representation.

20) As a result of the actions and omissions alleged herein, Defendants have failed to exercise professional judgment in providing services and placements needed by the Plaintiff and Class members in state custody and have acted with deliberate indifference to the welfare, care, and protection of these children's legal rights. Defendants' actions and omissions have injured and continue to injure and create a risk of imminent harm to Plaintiff and Class members.

21) Following additional factual development, Plaintiff will seek a particularized order of permanent injunctive relief, identifying, among other things, professionally accepted standards that the Defendants must meet in order to satisfy their statutory and constitutionally mandated duties. If appropriate, the requested order also will propose a sunset provision under which the court's oversight would terminate when the Defendants have remedied their violations.

## IV. JURISIDICTION AND VENUE

22) Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over claims arising under 42 U.S.C. §1983, as this involves a federal question.

23) Venue of this case is proper in this Court pursuant to 28 U.S.C. §1391 as many of the acts giving rise to this action occurred in this district.

## V. PARTIES

24) C. T. is a dependent child under the care of the Jefferson County, Alabama Department of Human Resources and appears by her next friend Jeanette Beason, Plaintiff.

25) Defendant Robert Bentley, M.D. is the Governor of the State of Alabama and is sued in his official capacity as governor of the State of Alabama. His principal place of business is in Montgomery County, Alabama. Governor Bentley has the ultimate authority within the executive branch of the government of the State of Alabama to direct and control all other Defendants.

26) Defendant Administrative Office of Courts (hereinafter referred to as "AOC") is charged with providing administrative support for the operation of the State's court system and promoting the efficient operations of the Courts. The AOC is involved with many aspects of providing legal services to dependent children in Alabama.

27) Defendant Callie T. Dietz is the Administrative Director of the Alabama Administrative Office of Courts and is involved with many aspects of providing legal services to dependent children in Alabama.

28) Defendant Alabama Office of Indigent Defense Services is tasked with developing, improving, and administering programs to provide legal representation to indigent individuals, including children.

29) Defendant Alabama Department of Finance manages the finances of the State of Alabama. It also oversees many divisions, including the Alabama Office of the

Comptroller. It administers many aspects of funding for legal representation of indigents and children.

30) Defendant Marquita F. Davis is the Director of the Alabama Department of Finance and serves as the chief financial officer of the state. She oversees many divisions, including the Alabama Office of the Comptroller. She administers many aspects of funding for legal representation of indigents and children.

31) Defendant Alabama Office of the Comptroller is a division of the Alabama Department of Finance. It oversees the Office of Indigent Defense Services, and administers many aspects of funding for legal representation of indigents and children.

32) Defendant Thomas L. White is the State Comptroller and oversees of the Office of Indigent Defense Services. He administers many aspects of funding for legal representation of indigents and children.

## VI. CLASS ACTION ALLEGATIONS

33) This action is properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34) The Class consists of all dependent children who (1) have been, are, or will be in the custody of the State of Alabama; and (2) have been provided with inadequate legal representation. The Class is so numerous that joinder of all members is impracticable under Rule 23(a) of the Federal Rules of Civil Procedure. The

named Plaintiff and Class members are in need of child welfare services, and have no choice but to rely on the named Defendants for those services. They are consistently harmed by Defendants' systemic failure to fulfill their legal obligations to provide necessary and adequate legal representation.

35) The named Plaintiff will fairly ensure the adequate representation for the interests of the members of the Class. The interests of the Plaintiff are not antagonistic to those of the Class members, as the named Plaintiff and the Class members all seek declarative and injunctive relief to stop the same systemic patterns, customs and/or practices alleged on their behalf. The named Plaintiff child appears by a next friend, and the next friend is sufficiently familiar with the facts and circumstances surrounding the child's situation to fairly and adequately represent the child's interests in this litigation.

36) Plaintiff and Class members are represented by Alabama attorneys who have extensive experience. Plaintiffs' counsel have the resources, expertise, and experience to prosecute this action.

37) The character of the Plaintiffs' rights sought to be enforced on behalf of herself and the Class is common. The questions of law and fact raised by the claims of the named Plaintiff are common to those raised by the claims of the Class. Questions of law and fact common to the Class predominate over any individual issues of law or fact.

38) Common questions of fact include, but are not limited to, whether, contrary to law and reasonable professional standards, Defendants fail to provide Plaintiff and Class member with safe, stable, and appropriate legal services providers. These

services are necessary to protect children while they are in state custody. Timely and appropriate services are necessary to ensure that children are either safely reunited with their families or promptly placed in permanent homes.

39) Common questions of law include, but are not limited to, whether the actions and inactions of Defendants violate the rights of the Plaintiff and Class members under the Due Process Clause of the Alabama State Constitution and the First, Ninth, and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, 18 U.S.C. §1983, and Ala. Code 1975 §12-15-304.

40) The claims of the named Plaintiff are typical of the claims of the Class. The named Plaintiff and Class members are entitled to effective representation to ensure that their best interests are protected. They are all harmed by the failure of Defendants to provide adequate and effective representation.

## VII. CAUSES OF ACTION

### COUNT I
### (Permanent Injunctive Relief)

41) Each and every allegation of the Complaint is incorporated herein as if fully set forth.

42) Plaintiffs and Class members seek permanent injunctive relief under 28 U.S.C. §1343 and 42 U.S.C. §1983 *et seq.*

43) Defendants' actions and inactions have caused and continue to cause or create the risk of imminent irreparable harm to the named Plaintiff and Class members. Plaintiff and Class members have no adequate remedy at law.

44) As stated herein, the Defendants' customs, policies, and practices have deprived and threaten to deprive Plaintiff and Class members of their fundamental right to physical and emotional safety and other fundamental rights while in government custody. The actions of the Defendants are also deliberately indifferent as to the constitutional rights of the Plaintiff and Class Members. The well-being of these children remains in imminent danger as a result of Defendants' actions and inactions.

45) Plaintiff and Class members therefore request that the Court enjoin the Defendants from violating their statutory and constitutional rights as alleged herein.

46) Following additional factual development, Plaintiffs and Class members will seek a particularized order of permanent injunctive relief, identifying, among other things, professionally accepted standards that the Defendants must meet in order to satisfy their statutory and constitutionally mandated duties of providing adequate legal representation. If appropriate, the requested order also will propose a sunset provision under which the Court's oversight would terminate when the Defendants have remedied their violations.

## COUNT II
### (Declaratory Judgment)

47) Each and every allegation of the complaint is incorporated herein as if fully set forth.

48) Plaintiffs and Class members seek a declaratory judgment under 28 U.S.C § 1343, and 42 U.S.C. §1983 *et seq.* to afford relief from uncertainty and insecurity regarding their status and legal right to adequate counsel as dependent children.

49) A real and actual controversy exists in that the named Plaintiff and Class members have suffered from or face the imminent risk of suffering from the loss of their fundamental rights as stated herein. Moreover, the scope of their statutory and constitutional rights is uncertain.

50) The Plaintiff and Class members therefore request that the Court declare that:

   a. Children have a constitutional right to adequate and effective counsel when they are in the custody of the State of Alabama;

   b. Children have a constitutional and statutory right to maintain relationships with their attorneys absent a compelling reason, consistent with the exercise of reasonable professional judgment;

   c. Children have a constitutional and statutory right to enjoy the protections afforded them under the federal and state law set forth herein.

   d. Defendants have deprived the Plaintiff and Class members of the foregoing rights in the manner stated herein, resulting in harm, grave danger and the continuing threat of harm.

## COUNT III
## (Violation of Right to Counsel)

51) Each and every allegation of the Complaint is incorporated herein as if fully set forth.

52) Under Alabama law, a GAL shall by appointed to act on behalf of a child in all dependency and termination of parental rights proceedings. *See Ala. Code 1975 §12-15-304*

53) With regard to the responsibilities of a GAL, Alabama law states

> "The duties of the guardian ad litem include, but shall not be limited to, the following:
>
> (1) Irrespective of the age of the child, meet with the child prior to juvenile court hearings and when apprised of emergencies or significant events impacting the child. In addition, the guardian ad litem shall explain, in terms understandable to the child, what is expected to happen before, during, and after each juvenile court hearing;
> (2) Conduct a thorough and independent investigation;
> (3) Advocate for appropriate services for the child and the family;
> (4) Attend all juvenile court hearings scheduled by the juvenile court and file all necessary pleadings to facilitate the best interests of the child."*Ala.Code 1975 § 12-15-304(b)*

54) Due to the sheer volume of cases that each GAL is assigned, the fulfillment of these statutory duties is simply impossible.

55) In cases such as the present case, the state is acting as *parens patriae*, which is defined as, "the state in its capacity as provider of protection to those unable to care for themselves." Blacks Law Dictionary 1144 (8th ed. 2004). Under this doctrine, the state of Alabama has an overriding interest to protect the children in its care, namely those taken into custody by the Alabama Department of Human

Resources. This protection includes providing adequate counsel for these children.

56) As a result of Defendants' ongoing failure to provide dependent children with adequate counsel, these dependent children are stripped of one of their most fundamental rights.

57) The egregious nature of this problem justifies the remedy requested below.

## COUNT IV
### (Deprivation of civil rights under 42 U.S.C. §1983)

58) Each and every allegation of the Complaint is incorporated herein as if fully set forth.

59) The Defendants' failure to provide adequate counsel to Plaintiff and Class Members constitute a failure to exercise an affirmative duty. This duty is to protect the welfare of Plaintiff and Class members, which is a substantial factor leading to, and proximate cause of, the violation of their constitutionally protected rights and liberty interests.

60) Federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *42 U.S.C. §1983*

The Defendants' actions constitute a policy, pattern, and custom that amount to deliberate indifference to the constitutionally protected rights and liberty interests of Plaintiff and Class members. As result, Plaintiff and Class members have been and are being deprived of the substantive due process rights conferred upon them by the Fifth and Fourteenth Amendments to United States Constitution. Defendants have arbitrarily and capriciously deprived Plaintiff and Class members of their due process rights in the absence of any countervailing state interest.

61) These substantive due process rights include, but are not limited to: the right to protection of their person and from unnecessary harm while in government custody; the right to counsel; a living environment that protects dependent children's physical, mental and emotional safety and well-being; the right to services necessary to prevent dependent children from deteriorating or being harmed physically, psychologically, or otherwise while in government custody, the right not to be deprived of liberty by retention in government custody or locked detention facilities beyond necessity; the right to treatment and care consistent with the purpose of the assumption of custody by the state; the right not to be retained in custody longer than is necessary to accomplish the purposes to be served by taking the child into custody; and the right to receive care, treatment and services determined and provided through the exercise of accepted, reasonable professional judgment. All of these rights hinge on the adequate legal representation of competent legal service providers.

62) As a direct and proximate result of Defendants' actions, Plaintiff and class members have and continue to be irreparably harmed by the deprivation of their rights to due process. Pursuant to 42 U.S.C. § 1983, Defendants are liable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff children respectfully request that this Honorable Court:

A. Assert jurisdiction over this action;

B. Order that Plaintiffs may maintain this action as a class action;

C. Declare Defendants' actions unconstitutional under federal and Alabama law;

D. Permanently enjoin Defendants from subjecting Plaintiff and Class members to practices that violate their rights under federal and Alabama law;

E. Order appropriate remedial relief to ensure Defendants' future compliance with their legal obligations to Plaintiffs;

F. Award to the Plaintiffs the reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988 and all other fees allowed by law; and

G. Grant such other and further equitable relief as the court deems just, necessary and proper to protect the Plaintiff and Class Members from further harm by Defendants.

_____
Anna L. Hart, Esq.

Dan C. King, III., Esq.
**Stewart & Stewart, P.C.**
1826 3rd Avenue North
Suite 300
Bessemer, Alabama 35020
Telephone: (205) 425-1166
Facsimile: (205)425-5959
Email: ahart@stewartandstewart.net

dckiii@hotmail.com

_____
Timothy L. Arnold, Esq.
**Law Office of Timothy Arnold**
1823 3rd Avenue North
Bessemer, Alabama 35020
Telephone: (205) 428-4888
Facsimile: (205) 428-4880
Email: ta918@aol.com

Defendants served by certified mail at the following:

Governor Robert Bentley, M.D.
State Capitol of Alabama
600 Dexter Avenue
Montgomery, Alabama 36130

Administrative Office of Courts
300 Dexter Avenue
Montgomery, Alabama 36104

Callie T. Dietz
c/o Administrative Office of Courts
300 Dexter Avenue
Montgomery, Alabama 36104

Alabama Office of Indigent Defense Services

c/o Alabama Department of Finance
State Capitol of Alabama, Suite N-105
600 Dexter Avenue
Montgomery, Alabama 36130

Alabama Department of Finance
State Capitol of Alabama
600 Dexter Avenue, Suite N-105
Montgomery, Alabama 36130

Marquita F. Davis
Director of the Alabama Department of Finance
State Capitol of Alabama
600 Dexter Avenue, Suite N-105
Montgomery, Alabama 36130

Alabama Office of the State Comptroller
100 North Union Street, Suite 220
Montgomery, Alabama 36104

Thomas L. White
Alabama State Comptroller
100 North Union Street, Suite 220
Montgomery, Alabama 36104

The Honorable Luther Strange
Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104